**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rick E Welch, | No. CV-19-00049-TUC-JGZ |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's pro se "Motion to Extend Time for Appeal; Alternatively Motion for Permission to File a Delayed Appeal." (Doc. 38.) Petitioner alleges that his attorneys failed to keep him apprised of the status of his case and failed to provide him with court documents so that he could timely appeal the Court's ruling dismissing his case. The Court ordered Petitioner's attorneys to file a response to the motion. (Doc. 39.)  Petitioner's attorneys filed a verified Response confirming Petitioner's allegations. (Doc. 40.) For the reasons that follow, and there being no objection, the Court will grant the motion to extend time for appeal, but deny the request for permission to file a successive petition.

## I. Background

On August 12, 2021, the Court adopted the Magistrate Judge's Report and Recommendation (R&R) dismissing Petitioner's case as time barred without cause. (Doc. 33.) The case was closed that same day. (Doc. 34.)  On October 13, 2021, Petitioner filed the pending pro se motion for extension of time to file a notice of appeal.

In their verified response, Petitioner's attorneys state that, on June 8, 2021, they advised Petitioner that the Petition was not timely filed, due to a miscalculation by counsel, and that the Petition would likely be summarily denied without evaluation of the merits. (Doc. 40.) Petitioner's attorneys admit that they failed to timely inform Petitioner of the issuance of the R&R on June 9, 2021, and also of the August 11 Order adopting the R&R. (*Id.*) Counsel sent a copy of the Court's dispositive order on September 30, 2021, after the time to file a notice of appeal had expired. (*Id.*) While Petitioner's attorneys discussed amongst themselves that it would be futile to object or appeal, they admit that they failed to include Petitioner in that discussion and failed to advise him that he could file a pro se notice of appeal and seek a certificate of appealability with the Ninth Circuit.[1] (*Id.*)

## II.    Discussion

Rule 4(a), Fed. R. App. P., requires a party to file a notice of appeal within 30 days after entry of judgment. However, the "district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by Rule 4(a) expires; and (ii) . . . the party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *United States v. Navarro*, 800 F.3d 1104, 1109 (9th Cir. 2015) (quoting *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)).

In this case, judgment was entered on August 12, 2021. (Docs. 33, 34.) Therefore, Petitioner's notice of appeal was due on or before September 13, 2021.[2]  Petitioner timely filed his motion to extend the deadline, within 30 days of September 13, 2021, as required

---

[1]    Counsel's failure to timely communicate and keep petitioner apprised of the status of the case implicates several rules of professional conduct.  LRCiv 83.2(e) (applying Arizona Rules of Professional Conduct); *see* Ariz. R. Sup. Ct. 42 ER 1.3 (Diligence), ER 1.4 (Communication).

[2]    The initial thirty-day deadline to file the notice of appeal was Saturday, September 11, 2021.  Therefore, the deadline was automatically extended to the next business day, Monday, September 13, 2021. *See* Fed. R. App. P. 26(a)(1)(c) (for calculating time "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

by Rule 4(a)(5)(A).

On the facts outlined above, the Court finds good cause to extend the time to file a notice of appeal. Counsel deliberately chose not to appeal but counsel's actions are not fairly attributable to Petitioner in these circumstances.  Counsel effectively abandoned Petitioner in June 2021 when they decided not to take any further action or to communicate with Petitioner regarding his case. Accordingly, the Court concludes that good cause exists to grant Petitioner's request for an extension.[3]

In his motion, Petitioner also requests permission to file a successive habeas petition. Before Petitioner may file a successive petition, he must seek authorization from the Ninth Circuit. *See* 28 U.S.C. § 2244(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeal for an order authorizing the district court to consider the application.") Accordingly, the Court will deny the request to file a successive petition.

For the foregoing reasons,

**IT IS ORDERED** that Petitioner's "Motion to Extend Time for Appeal; Alternatively Motion for Permission to File a Delayed Appeal" (Doc. 38) is **GRANTED IN PART AND DENIED IN PART.**

//
//
//
//
//
//
//
//
//

---

[3]     The Court notes that extending the time for appeal does not change the likely outcome.

**IT IS FUTHER ORDERED** that the time to file a notice of appeal is extended fourteen days from the date of this order.

The Court's order denying a certificate of appealability remains in effect. (Doc. 33.)

Dated this 23rd day of November, 2021.

Honorable Jennifer G. Zipps
United States District Judge